# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENT N. KING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JENNIFER JONES, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-CV-00976-REC-LJO-P<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON CLAIM AGAINST DEFENDANTS JONES, TERRELL, PEAR, HALSEY, AND SUMAYA<br><br>(Doc. 1) |

I.　Screening Order

　　A.　Screening Requirement

Plaintiff Lent N. King ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 29, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

The events at issue in the instant action allegedly occurred at California State Prison-Corcoran, where plaintiff is presently incarcerated. Plaintiff names as Jennifer Jones, P. Terrell, Pear, Halsey, Sumaya, Terrell, J. P. LaCrosse, D. Stockman, J. R. Anderson, A. Castell, Lonnie A. Watson, and N. Grannis as defendants. Plaintiff is seeking money damages and equitable relief.

Plaintiff alleges claims for relief for denial of access to the courts. Plaintiff alleges that pursuant to a Kings County Superior Court order, he was ordered to either appear by telephone or in person for a case management conference. Plaintiff alleges that he notified defendants Jones, Terrell, Pear, Halsey, and Sumaya in advance of the hearing, but all refused to facilitate plaintiff's appearance. Plaintiff alleges that as a result of his failure to appear, the court dismissed his civil

rights suit with prejudice. Plaintiff alleges that he subsequently filed an inmate appeal grieving the incident, but defendants Terrell, LaCrosse, Stockman, Anderson, Castell, Watson, and Grannis conspired to deny that plaintiff's right of access to the court was interfered with via their responses to plaintiff's appeal.

        C.        <u>Plaintiff's Denial of Access to the Courts Claims</u>

Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right of access is limited to direct criminal appeals, habeas petitions, and civil rights actions, and an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. <u>Id</u>. at 354.

Plaintiff's allegations that defendants Jones, Terrell, Pear, Halsey, and Sumaya knew he had a court appearance but failed to facilitate the appearance, resulting in the dismissal of his case, is sufficient to give rise to a claim for relief under section 1983 for denial of access to the courts. Fed. R. Civ. P. 8(a). However, the involvement of defendants Terrell, LaCrosse, Stockman, Anderson, Castell, Watson, and Grannis in responding to plaintiff's inmate appeal does not provide a basis upon which to impose liability against them. With the exception of Terrell, none of these defendants caused plaintiff to miss his court appearance, which led to the dismissal of plaintiff's case. As such, the injury of constitutional significance sustained by plaintiff was not caused by any act or omission of these defendants. The resolution of plaintiff's inmate appeal, including the denial of plaintiff's allegations in whole or in part, the decision to find plaintiff's allegations unsustained, and/or the refusal to provide plaintiff with the relief sought in the appeal, does not constitute denial of access to the courts and does not support any other claim for relief under section 1983. The inmate appeals process "does not confer any substantive right upon" plaintiff and does not serve as a basis for the imposition of liability under section 1983. <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988).

D.     Conclusion

The court finds that plaintiff's complaint contains a cognizable claim for relief against defendants Jones, Terrell, Pear, Halsey, and Sumaya for denial of access to the courts based on their failure to facilitate his appearance for a court proceeding.  However, the court finds that plaintiff's complaint does not contain a claim defendants Terrell, LaCrosse, Stockman, Anderson, Castell, Watson, and Grannis based on their involvement in the appeals process.  Although the court does not foresee this claim as being curable, in an abundance of caution, the court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed only against defendants Jones, Terrell, Pear, Halsey, and Sumaya for denial of access to the courts based on their failure to facilitate his appearance for a court proceeding, plaintiff may so notify the court in writing. The court will then issue Findings and Recommendations recommending that the remaining defendants and access to the courts claim be dismissed from this action, and will forward plaintiff five summonses and five USM-285 forms to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendants Jones, Terrell, Pear, Halsey, and Sumaya.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
///

4

Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

    a. File an amended complaint curing the deficiencies identified by the court in this order, or

    b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only against defendants Jones, Terrell, Pear, Halsey, and Sumaya for denial of access to the courts based on their failure to facilitate his appearance for a court proceeding; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    April 11, 2006**            /s/ Lawrence J. O'Neill
b9ed48                                  UNITED STATES MAGISTRATE JUDGE

5