# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LENT N. KING,                                      CASE NO. 1:05-CV-00976-REC-LJO-P

                        Plaintiff,              FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF CLAIM
        v.                                      AND CERTAIN DEFENDANTS

JENNIFER JONES, et al.,                           (Doc. 1)

                        Defendants.

_____/

I.      Findings and Recommendations Following Screening of Complaint

        A.      Procedural History

        Plaintiff Lent N. King ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis

in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on July 29, 2005.

 (Doc. 1.)  On April 12, 2006, the court screened plaintiff's complaint and issued an order finding

that plaintiff's complaint states a cognizable claim for relief against defendants Jones, Terrell, Pear,

Halsey, and Sumaya for denial of access to the courts based on their failure to facilitate his

appearance for a court proceeding, but does not state a claim defendants Terrell, LaCrosse,

Stockman, Anderson, Castell, Watson, and Grannis based on their involvement in the appeals

process.  (Doc. 10.)  The court ordered plaintiff to either file an amended complaint or notify the

court of his willingness to proceed only on the claim found cognizable by the court.  (Id.)  On May

5, 2006, plaintiff notified the court that he does not wish to file an amended complaint and wishes

///

1   to proceed on his cognizable claim.  (Doc. 11.)  Based on plaintiff's notice, this Findings and

2   Recommendations now issues.

3        B.      Screening Requirement

4        The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

7   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

8   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

10  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

11  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

13  exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

14  506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short

15  and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. Pro.

16  8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

17  and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a

18  complaint only if it is clear that no relief could be granted under any set of facts that could be proved

19  consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately

20  prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may

21  appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the

22  test.'"  Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S.

23  232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

24  suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262

25  F.3d 871, 977 (9th Cir. 2001))).  However, "the liberal pleading standard . . . applies only to a

26  plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal

27  interpretation of a civil rights complaint may not supply essential elements of the claim that were not

28  ///

2

1   initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

2   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

3         C.     Summary of Plaintiff's Complaint

4         The events at issue in the instant action allegedly occurred at California State Prison-

5   Corcoran, where plaintiff is presently incarcerated.  Plaintiff names as Jennifer Jones, P. Terrell,

6   Pear, Halsey, Sumaya, Terrell, J. P. LaCrosse, D. Stockman, J. R. Anderson, A. Castell, Lonnie A.

7   Watson, and N. Grannis as defendants.  Plaintiff is seeking money damages and equitable relief.

8         Plaintiff alleges claims for relief for denial of access to the courts.  Plaintiff alleges that

9   pursuant to a Kings County Superior Court order, he was ordered to either appear by telephone or

10  in person for a case management conference.  Plaintiff alleges that he notified defendants Jones,

11  Terrell, Pear, Halsey, and Sumaya in advance of the hearing, but all refused to facilitate plaintiff's

12  appearance.  Plaintiff alleges that as a result of his failure to appear, the court dismissed his civil

13  rights suit with prejudice.  Plaintiff alleges that he subsequently filed an inmate appeal grieving the

14  incident, but defendants Terrell, LaCrosse, Stockman, Anderson, Castell, Watson, and Grannis

15  conspired to deny that plaintiff's right of access to the court was interfered with via their responses

16  to plaintiff's appeal.

17        D.     Plaintiff's Denial of Access to the Courts Claims

18        Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518

19  U.S. 343, 346 (1996).  The right of access is limited to direct criminal appeals, habeas petitions, and

20  civil rights actions, and an inmate claiming interference with or denial of access to the courts must

21  show that he suffered an actual injury.  Id. at 354.

22        Plaintiff's allegations that defendants Jones, Terrell, Pear, Halsey, and Sumaya knew he had

23  a court appearance but failed to facilitate the appearance, resulting in the dismissal of his case, is

24  sufficient to give rise to a claim for relief under section 1983 for denial of access to the courts.  Fed.

25  R. Civ. P. 8(a).  However, the involvement of defendants Terrell, LaCrosse, Stockman, Anderson,

26  Castell, Watson, and Grannis in responding to plaintiff's inmate appeal does not provide a basis

27  upon which to impose liability against them.  With the exception of Terrell, none of these defendants

28  caused plaintiff to miss his court appearance, which led to the dismissal of plaintiff's case.  As such,

3

1  the injury of constitutional significance sustained by plaintiff was not caused by any act or omission

2  of these defendants.

3          The resolution of plaintiff's inmate appeal, including the denial of plaintiff's allegations in

4  whole or in part, the decision to find plaintiff's allegations unsustained, and/or the refusal to provide

5  plaintiff with the relief sought in the appeal, does not constitute denial of access to the courts and

6  does not support any other claim for relief under section 1983.  The inmate appeals process "does

7  not confer any substantive right upon" plaintiff and does not serve as a basis for the imposition of

8  liability under section 1983.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez

9  v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860

10  (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific

11  grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance

12  procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.

13  1988).

14          E.      Conclusion

15          The court finds that plaintiff's complaint contains a cognizable claim for relief against

16  defendants Jones, Terrell, Pear, Halsey, and Sumaya for denial of access to the courts based on their

17  failure to facilitate his appearance for a court proceeding.  However, the court finds that plaintiff's

18  complaint does not contain a claim defendants Terrell, LaCrosse, Stockman, Anderson, Castell,

19  Watson, and Grannis based on their involvement in the appeals process.  The court provided plaintiff

20  with the opportunity to file an amended complaint, but opted not to amend and to proceed only on

21  his cognizable claim.  Accordingly, it is HEREBY RECOMMENDED that:

22          1.      This action proceed on plaintiff's complaint, filed July 29, 2005, against defendants

23                  Jones, Terrell, Pear, Halsey, and Sumaya for denial of access to the courts based on

24                  their failure to facilitate his appearance for a court proceeding;

25          2.      Plaintiff's denial of access to the courts claim stemming from the inmate appeals

26                  process be dismissed for failure to state a claim upon which relief may be granted

27                  under section 1983; and

28  ///

3.      Defendants LaCrosse, Stockman, Anderson, Castell, Watson, and Grannis   be dismissed from this action based on plaintiff's failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     May 8, 2006**                          /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE