UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENT N. KING,<br><br>            Plaintiff,<br><br>     v.<br><br>JENNIFER JONES, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:05-cv-00976-LJO-NEW (DLB) PC<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT FOR DEFENDANTS AND AGAINST PLAINTIFF<br><br>(Doc. 33)<br><br>ORDER THAT THIS DISMISSAL COUNTS AS A STRIKE PURSUANT TO 28 U.S.C. § 1915(G) |

I.     Order

    A.     Procedural History

Plaintiff Lent N. King ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's complaint, filed July 29, 2005, against defendants Jones, Terrell, Pear, Halsey, and Sumaya ("defendants") for denial of access to the courts, based on their alleged failure to facilitate his appearance for a court proceeding. On October 30, 2006, defendants filed a motion to dismiss for failure to state a claim. Fed. R. Civ. P. 12(b)(6). Plaintiff did not file a response, and the motion has been deemed submitted. Local Rule 78-230(m).

///

///

1

B.      Legal Standard

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). In considering a motion to dismiss for failure to state a claim, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (2002). "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.

A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. Discovery and summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of unmeritorious claims." Id. at 512. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

C.   Discussion

In his complaint, plaintiff alleges that the Kings County Superior Court issued an order in case number 04C0192 Lent N. King v. G. Tracy, et al. directing prison officials to facilitate plaintiff's appearance by telephone for a court proceeding scheduled for October 29, 2004. Plaintiff

///

alleges that defendants refused to arrange for his appearance, and his case was dismissed with prejudice as a result of his failure to appear at the hearing.

Inmates have a fundamental constitutional right of access to the courts. Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174, 2177 (1996). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Id. at 354, 2181-82. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15, 122 S.Ct. 2179, 2185-87 (2002). For backward-looking claims such as that at issue here, plaintiff "must show: 1) the loss of a 'nonfrivolous' or 'arguable' underlying claim; 2) the official acts frustrating the litigation; and 3) a remedy that may be awarded as recompense but that is not otherwise available in a future suit." Phillips v. Hust, 477 F.3d 1070, 1076 (9th Cir. 2007).

The Court found, appropriately so, that plaintiff's allegations were sufficient to give rise to a claim for relief under section 1983 for denial of access to the courts. However, defendants now move for dismissal on the ground that plaintiff did not suffer any injury as a result of the alleged failure to appear for a hearing. In support of their motion, defendants request that the Court take judicial notice that case number 04C0192 was removed from Kings County Superior Court to this court on September 20, 2004, and subsequently dismissed for failure to exhaust.

"A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court shall take judicial notice if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). The Court may take judicial notice of court records.

3

Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n.l (N.D. Cal. 1978), aff'd, 645 F.2d 699 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

On September 15, 2004, Kings County Superior Court Commissioner James LaPorte issued an order in case number 04C0192 directing that plaintiff be allowed to appear by telephone for a hearing set for October 29, 2004. (Comp., Doc. 1, Court Record pgs. 21-22.) The Court takes judicial notice that on September 20, 2004, case number 04C0192 was removed from Kings County Superior Court to this court and assigned case number 1:04-cv-06278-REC-LJO PC. (Case 04-06278, Doc. 1.) The case was subsequently dismissed on April 7, 2005, without prejudice, for failure to exhaust the available administrative remedies. (Case 04-06278, Doc. 17.)

In light of the fact that plaintiff's case was removed to this court on September 20, 2004, and litigated until 2005, plaintiff could not have suffered the "actual injury" of dismissal with prejudice for failure to appear at a hearing in Kings County Superior Court on October 29, 2004. Defendants are entitled to dismissal of this action, with prejudice.

### D. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motion to dismiss, filed October 30, 2006, is GRANTED and this action is dismissed with prejudice for failure to state a claim upon which relief may be granted;

2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g); and

3. The Clerk of the Court shall enter judgment for defendants and against plaintiff.

IT IS SO ORDERED.

**Dated:   April 4, 2007**            /s/ Lawrence J. O'Neill
b9ed48                                 UNITED STATES DISTRICT JUDGE